171-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
GLOBAL ANGEL S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FERROSTAAL METALS GROUP, INC., formerly    08 CV 0457 (JSR)(DFE)
known as MAN FERROSTAAL, INC.,

                          Plaintiff,

                                            **ANSWER WITH CROSS-CLAIM**

   - against -

M/V GLOBAL OCEAN, her engines,
boilers, tackle, etc., GLOBAL ANGEL S.A.,
UNITED OCEAN SHIP MAN AGEMENT,
WESTERN BULK CARRIERS AS,
WESTERN BULK CARRIERS KS,

                         Defendants.
------------------------------------------------------------------x

      Defendant GLOBAL ANGEL S.A. (hereinafter "GLOBAL ANGEL") responds to the Verified Complaint of Plaintiff FERROSTAAL METALS GROUP, INC., formerly known as MAN FERROSTAAL, INC. (hereinafter "FERROSTAAL"), as follows:

      1.     ADMITS that to the extent the Plaintiff states its claim relates to the carriage of goods by water, this is a claim invoking the admiralty and maritime jurisdiction of the Court, but except as so admitted, denies the remaining allegations contained in Paragraph 1 of the Verified Complaint.

NYDOCS1/301354.1

2. DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Verified Complaint.

3. ADMITS that Defendant GLOBAL ANGEL was the owner of the M/V GLOBAL OCEAN, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 3 of the Verified Complaint.

4. DENIES the allegations contained in Paragraph 4 of the Verified Complaint.

5. DENIES the allegations contained in Paragraph 5 of the Verified Complaint.

6. DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Verified Complaint.

7. The allegations contained in Paragraph 7 of the Verified Complaint do not require a response. To the extent the Court requires an answer, Defendant GLOBAL ANGEL DENIES the allegations contained in Paragraph 7 of the Verified Complaint.

8. DENIES the allegations contained in Paragraph 8 of the Verified Complaint.

9. DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

10. The Verified Complaint fails to state a claim upon which relief can be granted as against answering Defendant GLOBAL ANGEL.

### SECOND AFFIRMATIVE DEFENSE

11. Defendant GLOBAL ANGEL is not liable to plaintiff on the causes of action alleged in the Verified Complaint.

### THIRD AFFIRMATIVE DEFENSE

### THIRD AFFIRMATIVE DEFENSE

12. If there was any loss and/or damage to cargo as alleged in the Verified Complaint it was occasioned by causes for which the Defendant GLOBAL ANGEL is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq. or other governing legislation.

### FOURTH AFFIRMATIVE DEFENSE

13. If plaintiff has suffered damages to cargo for which Defendant GLOBAL ANGEL is liable, said damages must be limited pursuant to 46 U.S.C.A. § 1304(5) or other governing legislation.

### FIFTH AFFIRMATIVE DEFENSE

14. If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, Defendant GLOBAL ANGEL is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### SIXTH AFFIRMATIVE DEFENSE

15. If there was any loss and/or damage to cargo as alleged in the Verified Complaint, it was occasioned by causes for which the Defendant GLOBAL ANGEL is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

### SEVENTH AFFIRMATIVE DEFENSE

16. Defendant GLOBAL ANGEL puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

## EIGHTH AFFIRMATIVE DEFENSE

17. (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for the reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading. (B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessel(s), which is denied, Defendant GLOBAL ANGEL is not liable.

## NINTH AFFIRMATIVE DEFENSE

18. Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

19. Any damages sustained by the Plaintiff, as alleged in the Verified Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom Defendant GLOBAL ANGEL had and have no direction or control.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### TWELFTH AFFIRMATIVE DEFENSE

21. Any injuries that may have been sustained by plaintiff, as alleged in the complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of Defendant GLOBAL ANGEL and as such plaintiff is barred from recovery in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in Plaintiff's Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff herein has failed to mitigate its damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26. The terms of the bill(s) of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27. This Court lacks personal jurisdiction of the Defendant GLOBALANGEL.

### NINETEENTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to make proper service of process upon Defendant GLOBAL ANGEL.

### TWENTIETH AFFIRMATIVE DEFENSE

29. This Answer and Cross-Claim is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS WESTERN BULK CARRIERS AS AND WESTERN BULK CARRIERS KS

30. This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

31. That at all times mentioned hereafter GLOBAL ANGEL S.A. was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

32. That Defendants WESTERN BULK CARRIERS AS and WESTERN BULK CARRIERS KS (collectively "WBC") were and are corporations organized and existing under the laws of a foreign country.

33. That if Plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of Defendants WBC.

34. That if Defendant GLOBAL ANGEL is found responsible for any of the loss and/or damage sustained by the plaintiff herein, Defendant GLOBAL ANGEL is entitled to

indemnification and/or contribution in whole or in part from Defendants WBC for said losses and/or damages including costs and reasonable counsel fees.

**WHEREFORE**, Defendant GLOBAL ANGEL demands judgment dismissing the complaint herein, and awarding GLOBAL ANGEL costs, fees, including reasonable attorney fees and disbursements of this action, and further demands judgment against Defendants WBC for all sums which may be recovered by plaintiff against the Defendant GLOBAL ANGEL, as well as fees, disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
April 1, 2008

        Yours truly,
        FREEHILL, HOGAN & MAHAR, LLP

        _____
        Michael E. Unger (MU 0045)
        Attorneys for Defendant
        GLOBAL ANGEL S.A.
        80 Pine Street
        New York, NY 10005-1759
        Tel: 212 425-1900 / Fax:212 425-1901

TO:    KINGSLEY, KINGSLEY & CALKINS
        Attorneys for Plaintiff Ferrostaal Metals Group, Inc.,
        formerly known as Man Ferrostaal, Inc.
        91 West Cherry Street
        Hicksville, New York 11801
        Attn: Harold Kingsley, Esq.
        (516) 931-0064

MAHONEY & KEANE, LLP
Attorneys for Defendants Western Bulk Carriers AS
and Western Bulk Carriers KS
111 Broadway, 10th floor
New York, New York 10006
Attn: Garth S. Wolfson, Esq.
(212) 385-1422